**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESLI MARILI PEREZ-GODOY, | No. 18-70140 |
| Petitioner, | Agency No. A206-101-606 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 19, 2020[**]

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Yesli Marili Perez-Godoy, a native and citizen of Guatemala, seeks review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from the

immigration judge's decision denying her application for asylum, withholding of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's determination that Petitioner's proposed social group of "unprotected single females whose life [sic] was [sic] threatened by groups of males who band together in gangs and threaten women because of Guatemala's attitude about women and gender roles" is not cognizable on this record. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020). Petitioner's submitted evidence does not support the necessary finding that her proposed group is "defined with particularity" and "socially distinct within the society in question." *Id.* at 1242 (citation omitted). Therefore, the BIA did not err in concluding that Petitioner is ineligible for asylum and withholding of removal.

The BIA also did not err in denying Petitioner's claim for protection under CAT. The record does not demonstrate it is "more likely than not" she would be tortured if removed. *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010) (citation omitted).

**PETITION DENIED.**